EDWARD BADKE et al., Respondents, v. THOMAS J. BARNETT et al., Appellants.

Second Department, December 7, 1970.

*Raymond J. MacDonnell* (*Philip Hoffer, Rose L. Hoffer* and *Peter T. Affatato* of counsel), for appellants.

*Malcolm L. Tillim* for respondents.

KLEINFELD, J. The defendants appeal from a judgment entered upon a jury verdict in favor of plaintiff Loretta Badke for personal injuries and in favor of her husband, plaintiff Edward Badke, for loss of her services, arising out of an automobile accident.

The accident occurred between 7:00 P.M. and 7:30 P.M. in the evening of December 10, 1963 on Jericho Turnpike, Town of Huntington, County of Suffolk, New York. Plaintiff Edward Badke was operating his vehicle and Mrs. Badke was seated in the front. His car was struck from the rear by a car driven by defendant Thomas J. Barnett and owned by his mother, defendant Gertrude Barnett.

At the trial, Dr. Richard J. Willis was called to testify in the plaintiffs' behalf. Dr. Willis is a licensed practitioner of chiropractic in the State of New York. He testified that Mrs. Badke first came to see him in February, 1964, at which time she complained of severe headaches, shortness of breath, pressure in the left eye, and pain and stiffness of the left arm and shoulder and the back of the neck. Mrs. Badke stated that these symptoms had begun after the automobile accident in December and that they had undergone a sudden flare-up in early February.

Over the objection of defense counsel, Dr. Willis was permitted to state his diagnosis of Mrs. Badke's condition. Based upon his examination of Mrs. Badke, which included the taking of X rays, he testified that she was suffering from a subluxation, that is, a slight overriding of one vertebra against another, short of a dislocation. As a result, nerve roots were compressed or "pinched" in the vertebral openings. The consequent pressure on the affected nerves produced severe muscular contraction, known as a "spasm". Mrs. Badke was found to have tenderness and swelling of the posterior neck muscles, indicative of spasms. Her shortness of breath was attributed to pressure on the phrenic nerve, which controls the diaphragm. The pressure sensed by Mrs. Badke in her left eye was traced to the impingement of other nerves as a result of the subluxation. Again over the objection of defense counsel, Dr. Willis was permitted to testify that, in his opinion, with a reasonable degree of chiropractic certainty, the automobile accident was the competent producing cause of Mrs. Badke's injuries. He further stated that, in his opinion, the injuries were permanent in nature.

The appellants urge that, as a matter of law, chiropractors should not be permitted to give expert medical testimony on questions of diagnosis, prognosis and causal connection, because they lack the extensive training of a physician. The question of

the qualification of a witness to testify as an expert is addressed to the discretion of the trial court; and the court's ruling will not be disturbed unless there has been a serious mistake or an error of law or an abuse of discretion. It has been stated that a witness qualifies as an expert within a given area when he is skilled in that area through study, experience or observation (*Meiselman* v. *Crown Hgts. Hosp.*, 285 N. Y. 389, 398–399).

Chiropractic is an area that has been defined by statute in this State as follows: " ' The practice of chiropratic ' means a method of detecting and correcting, by manual or mechanical means essential to the practice of chiropractic, structural imbalance, distortion, or subluxation in the human body for the purpose of removing nerve interference and the effects thereof, where such interference is the result of or related to distortion, misalignment or subluxations of or in the vertebral column " (Education Law, § 6550, subd. 4). Chiropractors are extensively trained within the scope of the practice of chiropractic. By virtue of their training and skill, licensed chiropractors are qualified to treat patients suffering from chiropractic ailments. A chiropractor should, therefore, be deemed competent to testify as an expert witness and express his opinion as to the nature of a chiropractic ailment and its probable cause and duration. The extent or degree of the witness' qualifications affects the weight of the testimony, not the admissibility (*Breese* v. *Hertz Corp.*, 25 A D 2d 621). Thus, it has been held that a properly qualified person, although unlicensed to practice medicine, may testify as a medical expert (*People* v. *Rice*, 159 N. Y. 400). Similarly, there is dictum that a properly qualified hospital nurse may testify as an expert on the question of a patient's mental condition (*Matter of Boyle*, 271 App. Div. 614).

It is a general rule that a chiropractor is competent to testify in a personal injury action, as an expert or medical witness, concerning matters within the scope and profession of chiropractic (52 ALR 2d 1384, citing *Oklahoma Nat. Gas Corp.* v. *Schwartz*, 146 Okla. 250; *Johnston* v. *Peairs*, 117 Cal. App. 208; *Ladlie* v. *American Glycerin Co.*, 115 Kan. 507; *Voight* v. *Industrial Comm.*, 297 Ill. 109; *Fries* v. *Goldsby*, 163 Neb. 424; *Carvell* v. *Winn*, 154 So. 2d 788 [La.]; *Carnine* v. *Tibbetts*, 158 Ore. 21; *Ward* v. *North Amer. Rayon Corp.*, 211 Tenn. 535). It has been held that a chiropractor is competent to express his opinion as to the probable cause of an injury or condition, in a personal injury action, within the scope of the practice of chiropractic (*Harder* v. *Thrift Constr. Co.*, 53 S. W. 2d 34 [Mo. App.]; *Inter-Ocean Oil Co.* v. *Marshall*, 166 Okla. 118; *Maryland Cas. Co.* v. *Hill*, 91 S. W. 2d 391 [Tex.]; *Johnston* v. *Peairs*, 117 Cal. App.

208, *supra*; *Agler* v. *Schine Theatrical Co.*, 59 Ohio App. 68). A chiropractor has also been found competent, in a personal injury action, to give his opinion as to the probable effects and permanence of an injury within the field of chiropractic (*Oklahoma Nat. Gas Corp.* v. *Schwartz*, 146 Okla. 250, *supra*; *O'Dell* v. *Barrett*, 163 Md. 342; *Lowman* v. *Kuecker*, 246 Iowa 1227; *Maryland Cas. Co.* v. *Hill*, *supra*).

The appellants cite *Jones* v. *National Biscuit Co.* (29 A D 2d 1033) as support for the proposition that in New York a chiropractor is not competent to testify as an expert witness and give his opinion as to the cause of chiropractic ailments. On the contrary, in that case it was held that the trial court properly had denied a motion to strike out the testimony of a chiropractor who testified in the capacity of an expert medical witness. The Appellate Division stated that the chiropractor had evidenced sufficient skill " by reason of study and experience to warrant the admission of his testimony as an expert " (p. 1034). The chiropractor's testimony concerned a condition of the plaintiff's cervical column in the area between the second and fifth vertebrae. He did not speculate as to the cause of the condition. In the opinion of the Appellate Division, however, the testimony of a second expert, a physician, adequately established a causal relationship between the accident in question and the plaintiff's injuries. The court did not indicate that it would have been improper for the chiropractor to express his opinion of the cause of the condition which he had diagnosed and treated.

In the case at bar, Dr. Willis testified as to his qualifications. He is a licensed practitioner of chiropractic in the States of New York and Connecticut. At the time of the trial he had been practicing chiropractic for 16 years. He is a graduate of a chiropractic college where for the equivalent of four years and some 4,000 hours he had studied anatomy, physiology, pathology, diagnosis, bacteriology, hygiene, organic and inorganic chemistry, and the use and effects of X rays. He has also lectured and written papers in the field of chiropractic.

Dr. Willis' testimony was based upon his examination and treatment of Mrs. Badke. His testimony, as previously outlined, concerned matters entirely within the scope of the practice of chiropractic. I conclude that the trial court was correct in permitting Dr. Willis to state his opinion regarding the nature, cause and duration of Mrs. Badke's injuries.

I find no merit in the appellants' contention that Dr. Willis, in his testimony, exceeded the bounds of the practice of chiropractic and entered into the fields of neurology and orthopedics. Dr. Willis spoke of nerves and bone solely in the context of the

subluxation which he had detected in Mrs. Badke's spinal column. Nor do I find merit in the appellants' contention that the plaintiffs' failure to call their family physician, Dr. Berger, as a witness, was a fatal defect. Mrs. Badke had seen Dr. Berger shortly after the accident occurred. However, her symptoms had not as yet become manifest and Dr. Berger did not X-ray the area of the subluxation.

The appellants' final contention is that the jury's verdict was grossly excessive. Mrs. Badke was awarded $10,000 for her personal injuries and Mr. Badke was awarded $1,000 for loss of his wife's services. In my opinion, the awards were not excessive.

The judgment should be affirmed, with costs.

HOPKINS, Acting P. J., MUNDER, MARTUSCELLO and BRENNAN, JJ., concur.

Judgment of the Supreme Court, Suffolk County, entered January 5, 1970, affirmed, with costs.