Gary Dean STEVENS *v.* Lawrence SMALLMAN

CA 79-151                                    590 S.W. 2d 674

Opinion delivered November 28, 1979
Released for publication December 19, 1979

*Hamilton, O'Hara & Hays, P.A.,* by: *James F. O'Hara,* for appellant.

*Warren E. Dupwe,* for appellee.

ERNIE E. WRIGHT, Chief Judge. The Appellant, Gary Dean Stevens, appeals from a judgment of the Craighead County Circuit Court awarding appellee $7500.00 for damages arising out of an injury sustained when the pick-up in which he was a passenger was struck by a vehicle driven by appellant. The judgment was pursuant to a jury verdict. The case has been assigned to the Court of Appeals pursuant to Rule 29 (3).

The appellant admitted the collision resulted from negligence on his part; but on appeal contends the court erred in allowing opinion testimony of a chiropractor as to permanent disability of appellee, and that the verdict was excessive.

The evidence shows that when the vehicle in which the appellee was riding as a passenger on May 27, 1977 was struck in the rear by a vehicle driven by appellant, the rear of the vehicle in which appellee was riding was substantially damaged; the appellee's head went back and hit the rear window glass; he experienced headaches and that night his wife took him to the hospital emergency room, X-rays were made and he was given pain and muscle relaxer medications. He continued to work thereafter, but experienced progressive stiffness in his neck. He went to a medical doctor and more muscle relaxers were prescribed; he had the prescriptions refilled a few times and later went to a chiropractor, Dr. Hailey, in December of 1977 because the pain did not leave but seemed to increase. The pain was in his neck and between the shoulder blades. He did not have these problems

before the accident, but continues to experience annoying pain in performing his work. He received some 33 or 34 treatments by Dr. Hailey that were helpful.

The evidence shows Dr. Hailey is a graduate of a chiropractic school, is licensed to practice his profession in Arkansas and some four other states, has practiced approximately twenty years and sees as many as fifty and more patients a day.

The doctor had occasion to examine the appellee, take a history of his complaints and treat him over a period of several months. He determined that he had and continues to have muscle spasms in the cervical area, some misalignment in the vertebral column, some limitation of motion in the cervical area and that he continues to complain of pain. He expressed the opinion that since the muscle spasms and pain had not cleared up in this substantial length of time the appellee, now age forty-one years, will probably have the pain when he is sixty-five, and that he has from five to seven per cent permanent disability to the body as a whole. The doctor testified appellee's physical problems were compatible with injuries sustained in rear end motor vehicle collisions such as described by the appellee.

We conclude the trial court did not abuse its discretion in permitting Dr. Hailey, a chiropractor, to express his opinion on the permanent disability of the appellee. The question of the competency of a witness to express an opinion is largely within the discretion of the trial court. *Ratton* v. *Busby,* 230 Ark. 667, 326 S.W. 2d 889 (1959), announced this rule and cites a number of cases. The case also points out that it is for the jury to determine the weight to be given to the particular expert testimony.

In *Badke, et al* v. *Barnett, et al,* 316 N.Y.S. 2d 177, 35 A.D. 2d 347 (1970), it was held a chiropractor was competent to testify as to permanent disability sustained by a passenger in an automobile when struck from the rear by another vehicle. The court said: ''Chiropractors are extensively trained within the scope of the practice of chiropractic. By virtue of their training and skill, licensed chiropractors are

qualified to treat patients suffering from chiropractic ailment. A chiropractor should, therefore, be deemed competent to testify as an expert and express his opinion as to the nature of a chiropractic ailment and the probable cause and duration. The extent or degree of the witness' qualifications affects the weight of the testimony, not the admissibility''. In *Corbin* v. *Hittle,* 34 Mich. App. 631, 192 N.W. 2d 38 (1971), the court held it was not error to permit a chiropractor to testify that plaintiff's injury was permanent, that he would never be free from pain and that he would have problems with his neck the rest of his life. The court stated: ''The general rule is that a chiropractor is qualified to testify in a personal injury accident concerning matters within the scope of the profession or practice . . . In addition a chiropractor has been held competent to testify as to the permanency of an injury''. The cases of *Daniels* v. *Bernard,* 270 S.C. 51, 240 S.W. 2d 518 (1978), and *Olivas* v. *Industrial Commission,* 16 Ariz. App. 543, 494 P. 2d 743 (1972), also support this rule.

Black's Law Dictionary, Fifth Edition, defines chiropractic as a method of detecting and correcting by manual or mechanical means structural imbalance, distortion of subluxations in the human body to remove nerve interferences where such is the result of or related to distortion, misalignment or subluxations of or in the vertebral column.

The evidence indicates appellee suffered and continues to suffer a great deal of pain arising from the injury sustained in the accident. While he has been able to perform his regular work and his direct medical bills have been less than $500.00, we do not find that the jury verdict of $7500.00 is so grossly excessive as to shock the conscience of the court or demonstrate the jurors were motivated by passion or prejudice. *Moses* v. *Kirtley,* 256 Ark. 721, 510 S.W. 2d 281 (1974). We therefore find no basis for reversal or ordering a remittitur.

Affirmed.