Marilyn HARDY, Thelma HOOD, and Creal HOOD
*v.* Robert Lee BATES

86-282                                            727 S.W.2d 373

Supreme Court of Arkansas
Opinion delivered April 13, 1987

*Young & Finley*, for appellants.

*Hankins, Capps, Hicks & Madden*, by: *Paul D. Capps*, for appellee.

ROBERT H. DUDLEY, Justice. The three appellants filed suit

against appellee for damages sustained in an automobile accident. At trial, the appellee did not contest liability and all three appellants obtained judgments against appellee. The appellants, apparently unsatisfied with the amount of their verdicts, seek reversal and remand for a new trial. We affirm.

During presentation of the appellants' case-in-chief, the attorney for the appellee objected to the admission of the testimony of Ron Baker, a Doctor of Chiropractic, and asked to voir dire the witness. On voir dire the witness gave his educational qualifications and then admitted that he was not on the staff of any hospital, was not licensed by the state to admit patients to hospitals, was not licensed to perform surgery, and was not licensed to prescribe medicines. The appellee then objected to the qualification of Dr. Baker as an expert. The trial court overruled the objection. The trial court ruled correctly. We follow the general rule that a chiropractor is competent to testify in a personal injury action, as an expert medical witness, concerning matters within the scope of the profession and the practice of chiropractic. *Stevens* v. *Smallman*, 267 Ark. 786, 590 S.W.2d 674 (Ark. App. 1979); and *see Dorr, Gray & Johnston* v. *Headstream*, 173 Ark. 1104, 295 S.W. 16 (1927); *see also* Annot. *Chiropractor's competency as an expert in personal injury action as to injured person's condition, medical requirements, nature and extent of injury, and the like*, 52 A.L.R.2d 1384 (1957).

Later, during Dr. Baker's direct testimony, appellants' attorney was asking questions about appellant Creal Hood's permanent injuries. The material colloquy was as follows:

Q. Does he have any permanent disability?

A. Yes, sir. We —

BY MR. CAPPS [Appellee's attorney]: Objection, Your Honor. There's not a proper foundation laid for his opinion on permanent disability. He's not qualified to testify or render an opinion regarding permanent disability.

BY THE COURT: I'll sustain that, Mr. Young [Appellants' attorney].

Neither the scope of the profession nor the extent of the practice of chiropractic were developed at that point of the trial, and eleven questions later, with none of the questions being on the scope of chiropractic, the following colloquy took place:

Q. Have you found a permanent impairment of his body?

BY MR. CAPPS: Same objection, Your Honor. He's not qualified.

BY THE COURT: I'll sustain that.

BY MR. YOUNG:

Q. From a chiropractor's standpoint.

BY MR. CAPPS: Same objection.

BY THE COURT: I'll sustain that.

■■ The appellants contend that the rulings prohibiting the witness from testifying about permanent injuries were erroneous. We have said many times that whether a witness may give expert testimony rests largely within the sound discretion of the trial court and that determination will not be reversed unless an abuse of that discretion is found. *B. & J. Byers Trucking, Inc.* v. *Robinson*, 281 Ark. 442, 665 S.W.2d 258 (1984); *Firestone Tire and Rubber Co.* v. *Little*, 276 Ark. 511, 639 S.W.2d 726 (1982); *Arkansas Land & Cattle Co.* v. *Anderson-Tully Co.*, 248 Ark. 495, 452 S.W.2d 632 (1970); *Ratton* v. *Busby*, 230 Ark. 667, 326 S.W.2d 889 (1959); *Arkansas Power & Light Co.* v. *Morris*, 221 Ark. 576, 254 S.W.2d 684 (1953). We cannot say that the trial judge abused his discretion in this case. The general rule concerning expert medical testimony by chiropractors, stated above, limits the testimony of a chiropractor to matters within the scope of the profession and the practice of chiropractic, hence a chiropractor can testify only about permanent disabilities which are within the scope of his field, the same as any other medical expert. Here, a foundation was not laid to show the scope of the chiropractor's field and, therefore, we are unable to say from the record before us that the trial judge abused his discretion.

■■ Appellants' second point of appeal is that they were all three prejudiced by the trial court's response of "I'll sustain that," to the objection by appellee's attorney "Same objection,

Your Honor. He's not qualified." Appellants neither cite cases, nor make a convincing argument on the point, and it is not apparent without further research that the argument is well taken. In *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977), we said assignments of error presented by counsel in their brief, unsupported by convincing argument or authority, will not be considered on appeal, unless it is apparent without further research that they are well taken. Equally as prejudicial to consideration of the point is the fact that the alleged error was not brought to the attention of the trial court. For that additional reason, we will not consider it. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Doctor Baker was qualified by the court as an expert witness in the field of chiropractic. His testimony concerning two of the plaintiffs was not challenged by the appellee. However, as to the third plaintiff, there was an objection. The objection was presented at a point in the testimony when the permanent impairment of the third plaintiff was sought to be established. The following discourse occurred:

> COUNSEL FOR APPELLEE: Same objection. Your Honor. He's not qualified.
>
> THE COURT: I'll sustain that.
>
> COUNSEL FOR APPELLANT: From a chiropractic standpoint?
>
> APPELLEE'S COUNSEL: Same objection.
>
> THE COURT: I'll sustain that.

There are two reasons why the court erred in sustaining the objections. First, the witness had earlier been qualified as an expert in his field. Second, the manner in which the objection was offered and sustained tainted the entire testimony of Dr. Baker. Also, the jury was most likely left with the impression that the chiropractor's testimony relating to the other plaintiffs was not qualified expert testimony.

There is no controlling rule or precedent on point in Arkansas; however, by using common sense one would be forced to conclude that prejudicial error occurred. The jury obviously tried to please the trial judge by bringing in a verdict for less than the out-of-pocket expenses for each of the three plaintiffs.

It is not possible that Dr. Baker somehow became "unqualified" during the progress of the trial. He was asked a question which was clearly within the chiropractic field of expertise. Back injuries are the main area of concentration of the chiropractic profession. Furthermore, the counsel for appellants limited his question to the field of chiropractic. I think the prejudice to all three plaintiffs is obvious, and I would remand the case for a new trial.