**Diane VITALE, Plaintiff,**

v.

**Preston TISCH, United States Postmaster General, United States Postal Services, Defendant.**

**No. 86 Civ. 6390 (EW).**

United States District Court,
S.D. New York.

July 7, 1987.

Burchetta, Goldsand, Cerussi & Spring, P.C., White Plains, N.Y., for plaintiff; James D. Burchetta, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Chad A. Vignola, Special Asst. U.S. Atty., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff commenced this action against the United States Government under the Federal Tort Claims Act[1] to recover damages for injuries sustained as a result of a motor vehicle accident when an "eighteen wheel" postal truck hit a small Peugeot car in which plaintiff was a passenger. The Government has conceded that the driver of the mail truck was negligent. The parties agree that under New York State's "No Fault Law,"[2] the issue is whether plaintiff has established that she suffered "serious injury" as defined by Section 5102(d).

Upon a review of this Court's contemporaneous trial notes, evaluation of plaintiff's demeanor and appraisal of her credibility, the Court finds that plaintiff told a truthful story of the accident, the nature and extent of her injuries, and that together with the medical, hospital records, and testimony of a treating chiropractor, plaintiff has fully sustained her burden of proof that she did sustain serious injury as defined under New York law. "Serious injury" is defined as:

> .... a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury of impairment.

The evidence supports her claim that she has a permanent injury to the ligaments, nerves and spine in the cervical area, which has caused substantial limitations of motion, numbness in the extremities, and severe headaches necessitating continuous medical treatment, including physical therapy, traction, neurological and orthopedic evaluations and intensive chiropractic treatment. The pain and stiffness in her neck and constant headaches significantly limit the use of her cervical spine. The chiropractor expressed his expert opinion that the plaintiff's present condition of pain and suffering is permanent and will require continued medical care and attention for life. The current condition has been in existence for a period of more than two years following the accident.

The Government's attempt to describe this case "as a small traffic accident resulting in minor injuries" and minimize the nature of the extent and permanency of plaintiff's injuries is without support. Equally without substance is its challenge to the chiropractor's testimony, whom the Court finds fully qualified to testify as an expert.[3]

1. 28 U.S.C. §§ 1346(b), 2671–80.

2. New York Motor Vehicle Insurance Reparations Act, N.Y.Ins.L. § 5101, et seq.

3. *See Badke v. Barnett,* 35 A.D.2d 347 (2d Dep't), 316 N.Y.S.2d 177 (1970).

Plaintiff, now 23 years of age, has been compelled to forego her prior normal pursuits such as piano playing, swimming, diving. Everyday activities such as sleeping and washing her hair have been rendered difficult. Her life expectancy is 58.5 years. While it may well be that the existing condition which prevents her prior normal activities may be alleviated and subside with the passage of years so that she may resume to some degree her formal normal activities, this does not appear likely in the foreseeable future.

The Court assesses damages in the sum of $42,500. Judgment may be entered accordingly.

The foregoing shall constitute the Court's Findings of Fact and Conclusions of Law.