Willie Lee HILL *v.* STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

CA 96-280                                    937 S.W.2d 684

Court of Appeals of Arkansas
Division III
Opinion delivered February 19, 1997

*Gary Eubanks and Associates,* by: *James Gerard Schulze* and *William Gary Holt,* for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.,* by: *Beverly A. Rowlett,* for appellee.

WENDELL L. GRIFFEN, Judge. This is the second appeal in a suit by Willie Lee Hill (Appellant) to recover medical expenses from her insurer, State Farm (Appellee), resulting from an automobile accident. The first trial resulted in a directed verdict for appellant. We reversed the trial court's decision and remanded the case for retrial. Appellant now appeals from a defense verdict following the retrial, and argues that the trial court erred when it allowed a chiropractor to testify as an expert in radiology. We agree; therefore, we reverse and remand for a third trial.

Appellant was involved in a car accident on December 9, 1989, and was treated by Dr. Michael Courtney, a doctor of chiropractic, from December 18, 1989, until September 21, 1990. Testimony at the second trial revealed that appellant complained of a sore head, neck, and back. Dr. Courtney treated appellant 117 times during that period. He diagnosed appellant as having multiple cervical subluxations (segmental dysfunctions) and subluxation of the lumbar spine, and he testified that this diagnosis was corroborated by the physical exam. The maximum amount payable under the insurance policy for care and treatment of injuries from an accident is $5,000.00. Appellee had previously paid $1,404.00, but appellant sought an additional $3,665.00 to pay Dr. Courtney the remainder due for his services. Appellee refused payment, contending that it was not reasonable and necessary, and at the jury trial presented expert opinion testimony from Dr. Melvin Rose, a chiropractor from Illinois.

Dr. Rose testified that in his opinion the length of appellant's treatment was excessive. He also disagreed with Dr. Courtney's interpretation of the appellant's x-rays. Counsel for appellee

attempted to elicit testimony from Dr. Rose regarding whether a medical radiologist would interpret appellant's x-ray studies as demonstrating a subluxation. Appellant objected, arguing that Dr. Rose was not qualified to express an opinion on that issue because he was not a medical radiologist. The trial court overruled appellant's objection; Dr. Rose then testified that a medical radiologist would not read appellant's x-rays to show multiple subluxations as reported by Dr. Courtney. At the close of all evidence, the jury rendered a verdict for State Farm from which appellant has appealed. She contends that the trial court erred when it overruled her objection to Dr. Rose's opinion about what a medical radiologist would have concluded regarding the existence or non-existence of subluxations based upon the x-rays interpreted by Dr. Courtney.

█ The qualification of an expert witness is within the sound discretion of the trial court and will not be reversed absent abuse of discretion. *Dillon v. State*, 317 Ark. 384, 877 S.W.2d 915 (1994). Questions concerning the qualification of a witness or admissibility of evidence are preliminary questions that are determined by the court. Ark. R. Evid. 104(a). A witness who is qualified as an expert by knowledge, skill, experience, training, or education may provide opinion testimony at trial, if it will assist the trier of fact in understanding the evidence or to determine a fact in issue. Ark. R. Evid. 702. While the trial court has discretion to qualify an expert witness, that discretion is not absolute. *Thomas v. Sessions*, 307 Ark. 203, 818 S.W.2d 940 (1991). We see no error in the trial court's decision to permit Dr. Rose to testify about his understanding of the distinction in the meaning of "subluxation" as that term is used by practitioners of chiropractic and medical doctors. However, there was no evidentiary foundation for him to render an opinion on how a medical radiologist would have interpreted Hill's x-rays. There was no proof that Dr. Rose possessed any knowledge, skill, experience, training, or education in medical radiology.

█ Dr. Rose testified that while he was not certified in radiology, he has had postgraduate studies in, among other things, chiropractic roentgenology. Dr. Rose was allowed to testify, over appellant's objection, that a radiologist or other medical physician

would define a "subluxation" as a "very significant bone that is . . . out of place to a rather significant degree," where a chiropractor would define "subluxation" as "something more dynamic," such as a "locking up of the bone." Dr. Rose also testified that if a radiologist reviewed appellant's x-rays, he/she would not have found any subluxations. We acknowledge that if there is a reasonable basis to find that the witness has knowledge of a subject beyond that of ordinary knowledge, then the witness may be qualified as an expert. *Poyner v. State*, 288 Ark. 402, 705 S.W.2d 882 (1986). However, if a proper foundation is not laid, the witness should not be allowed to testify as an expert. *Hardy v. Bates*, 291 Ark. 606, 727 S.W.2d 373 (1987).

In *Hardy*, a chiropractor was prohibited from discussing whether a victim had suffered from permanent bodily impairment where a proper foundation had not been laid to show that he had specialized knowledge in that field. On appeal, the supreme court held that while a chiropractor is competent to testify concerning matters within the scope of profession and practice of chiropractic, the trial judge did not abuse his discretion in prohibiting the chiropractor from testifying as to whether an automobile accident victim had suffered any permanent bodily impairment, as the proper foundation had not been laid to show the scope of the chiropractic's field. *Hardy*, 291 Ark. at 608, 727 S.W.2d at 373. The general rule concerning expert medical testimony by chiropractors limits the testimony to matters within the scope of the profession and practice of chiropractic. *Id.*

The trial court in this case allowed Dr. Rose to testify regarding how a radiologist would define "subluxation" and how a radiologist would interpret appellant's x-rays. However, there was no evidence that he was competent regarding medical radiology through training, knowledge, formal education, or other experience. We do not know how much weight was given to this testimony and, therefore, cannot consider this error harmless. Thus, we reverse on this issue, as it is dispositive of the entire case, and remand for a third trial.

Reversed and remanded.

JENNINGS and BIRD, JJ., agree.