Adrian WEISENFELS *v.* STATE of Arkansas

CA CR 07-1121                                        283 S.W.3d 622

Court of Appeals of Arkansas
Opinion delivered April 30, 2008

*Witt Law Firm, P.C.*, by: *Ernie Witt*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Farhan Khan*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. A jury found appellant, Adrian Weisenfels, guilty of driving while intoxicated. On appeal, he first contends that the circuit court abused its discretion in refusing to grant a mistrial when a police officer testifying for the State attempted to quantify appellant's blood–alcohol level based on appellant's performance of the horizontal gaze nystagmus (HGN) test. Second, he contends that the circuit court abused its discretion in giving a jury instruction on expert-witness testimony when no expert testified at trial. We affirm.

At the jury trial, the State presented the testimony of Deputy Steven Walker of the Washington County Sheriff's Department and Officer Mike Biddle of the Elkins Police Department. Walker testified that on September 23, 2006, he observed the car driven by appellant "speeding up, slowing down, every time the vehicle would speed up he weaved in his lane a little more, a time or at least one time I noticed that he crossed the center line, in my report I put two feet." He also testified that appellant at one point was driving thirty-five miles per hour in a fifty-five mile per hour zone and that this was significant because it was a "good indicator that it's possibly a DWI driver." He noted that after turning on his emergency lights, appellant drove for approximately two hundred yards; that rather than pulling off onto the shoulder, appellant stopped his vehicle straddling the fog line; that when appellant exited the car, he stumbled getting out and was unsteady on his feet; that the odor of intoxicants was coming from the inside of the car; and that appellant was asked twice for proof of insurance. When asked, appellant stated that he had not drunk anything in about two hours.

Biddle testified that he arrived at the scene and had appellant perform various field-sobriety tests, including the HGN test. Biddle noted that there were six "clues" in the test. Following Biddle's testimony regarding appellant's performance on this test, the State asked whether there was "a pass/fail or is there a scoring on this test," and Biddle replied, "Yes, there's a pass/fail, four or more of those symptoms indicate a blood–alcohol content of zero point zero eight hundreds for weigh — ." Counsel for appellant interrupted and moved for a mistrial, arguing that this "was not proper testimony," that Biddle "was asked about clues, he wasn't asked about blood–alcohol percent, that's absolutely prohibited,"

and that "there's a case right on point on that and he cannot testify to any percentage of what the clues indicate the percentage of blood[-alcohol] content." The circuit court stated that the "response was not responsive to the question and if you're requesting an admonition to the jury I will certainly give that." Counsel again moved for a mistrial, which the court denied, and appellant requested an admonition to the jury. The court then instructed the jury to "disregard the last response of the witness, it was not responsive to the question." Biddle then testified that in grading appellant's performance, he observed six "clues."

Biddle also had appellant perform the walk-and-turn test, showing six of eight clues, and the one-leg stand test, showing two of four clues. He also noted that appellant stumbled getting out of his car and had trouble standing in one place; his eyes were red, glassy, bloodshot, and watery; his breath smelled of intoxicants; and his speech was slurred. Appellant admitted that he had two drinks earlier in the day. Biddle found beer and an almost empty vodka bottle in the trunk. Biddle arrested appellant for driving while intoxicated. Appellant was unable to complete a BAC Datamaster test at the police department.

Citing *Middleton v. State*, 29 Ark. App. 83, 780 S.W.2d 581 (1989), appellant argues that Biddle's testimony manifestly prejudiced him because it provided the jury with "a gauge by which to quantify the level of alcohol" by using the HGN test when there were no results from any type of chemical testing. In *Middleton*, a police officer testified that appellant's performance on the HGN test "indicated an' alcohol rating of .15 or .16." *Id.* at 87, 780 S.W.2d at 583. The *Middleton* court noted that a jury instruction was given defining the offense of driving while intoxicated as being in control of a vehicle with an alcohol level of .10 or above, and the only evidence of the defendant's alcohol level was the officer's testimony based on the HGN test. The court concluded that any probative value that the HGN test results may have had to show an alcohol level in excess of .10 was substantially outweighed by the potential for unfair prejudice.

In this case, the question on appeal is whether the circuit court abused its discretion in refusing to grant a mistrial. A mistrial is an extreme remedy that should only be granted when there has been an error so prejudicial that justice could not be served by continuing the trial. *Brown v. State*, 38 Ark. App. 18, 827 S.W.2d 174 (1992). Because of the circuit court's superior position to determine the possibility of prejudice, the court is vested with

considerable discretion in acting on a motion for a mistrial, and the court's decision will not be reversed absent an abuse of discretion. *Id.*

The driving-while-intoxicated statute provides that "[i]t is unlawful . . . for any person who is intoxicated to operate or be in actual physical control of a motor vehicle." Ark. Code Ann. § 5-65-103(a) (Repl. 2005). The term "intoxicated" is defined as "influenced or affected by the ingestion of alcohol . . . to such a degree that the driver's reactions, motor skills, and judgment are substantially altered and the driver, therefore, constitutes a clear and substantial danger of physical injury or death to himself and other motorists or pedestrians." Ark. Code Ann. § 5-62-102(2) (Repl. 2005). Alternatively, "[i]t is unlawful . . . for any person to operate or be in actual physical control of a motor vehicle if at that time the alcohol concentration in the person's breath or blood was eight-hundredths (0.08) or more." Ark. Code Ann. § 5-65-103(b) (Repl. 2005).

Here, the officer's answer was not responsive to the question. Moreover, the officer did not testify that appellant's blood-alcohol level meant that appellant failed the HGN test. Rather, the officer testified that the clues indicated a certain blood-alcohol level. Also, the officer did not suggest that based on the blood-alcohol content, appellant was intoxicated for the purposes of subsection (a), or was guilty of driving while intoxicated for the purposes of subsection (b). Furthermore, in contrast to *Middleton*, there is nothing in the record indicating that the jury was instructed on whether appellant could be found guilty of driving while intoxicated based on his blood-alcohol content under subsection (b), and the jury instructions were not made part of the record. The only jury instruction the State discussed during closing argument involved the definition of "intoxicated," which goes to a finding of guilt under subsection (a).

■ Moreover, the circuit court admonished the jury to disregard the officer's remark, and an admonishment may be sufficient to cure prejudice. *See Brown, supra.* In *Brown*, an officer was asked what he meant when he stated that the defendant appeared "very intoxicated," and he replied ".15, .14, .15." The *Brown* court noted that there was no reference to blood-alcohol content and no attempt to bolster the officer's conclusion by linking it to the results of a field-sobriety test, and the court concluded that the jury admonition to disregard the testimony cured any resulting prejudice. In contrast to *Brown*, the officer's

testimony here mentioned blood-alcohol content and linked it to the HGN test. But given that the officer's testimony did not equate appellant's blood-alcohol level with failing the HGN test, or with a finding that appellant was intoxicated, or with the conclusion that he was guilty of driving while intoxicated; that the record does not reflect that the circuit court instructed the jury that it could find appellant guilty of driving while intoxicated based on his blood-alcohol content; and that the circuit court instructed the jury to disregard the officer's testimony, the circuit court did not abuse its discretion in refusing to grant a mistrial.

Also at trial, appellant's counsel objected to the giving of an instruction on expert-witness testimony, arguing that there was "no testimony from an expert in this case." The State countered, arguing that "to the extent the officers have testified based on their training and experience that they had opinions on whether or not the guy was intoxicated per the statute as to the danger, I think that they qualify as expert under that statute." The circuit court gave the instruction.

On appeal, appellant argues that the circuit court erred giving the jury an expert-witness instruction, because there was no foundation of essential facts qualifying the police officers as experts and there was no evidence presented that could not be understood or comprehended by the average juror. He also asserts that he was prejudiced because the instruction "only served to unfairly bolster the credibility of the officers beyond that of a simple lay opinion." The issue on appeal, however, is whether the court abused its discretion in giving the expert-witness instruction.

Arkansas Rule of Evidence 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." If some reasonable basis exists from which it can be said the witness has knowledge of the subject beyond that of ordinary knowledge, the evidence is admissible as expert testimony. *Mace v. State*, 328 Ark. 536, 944 S.W.2d 830 (1997). Whether a witness qualifies as an expert is a matter within the circuit court's discretion, and that decision will not be reversed absent an abuse of that discretion. *Id.*

Walker, who stopped appellant's car, testified that he had been a certified police officer since September 2001, and after

becoming certified, had been employed in law enforcement. He also testified that he went to "standardized field sobriety school" and was a "standardized field sobriety instructor" and a drug recognition expert. He further testified that he had made "about two hundred" stops involving persons driving while intoxicated. He testified that he pulled appellant's vehicle over because he "was in fear of other traffic on the road, he might be a danger to them or himself." He further opined that after observing appellant's driving and appellant's conduct after the stop, appellant was a danger to himself or others on the roadway.

Biddle, who conducted the field-sobriety tests, testified that he was a certified law enforcement officer, attended the law enforcement training academy and graduated in 1999, had attended a class on standardized field sobriety in 2006, attended a class on the operation of the BAC Datamaster machine and was a licensed operator of the machine, and had made approximately fifty traffic stops involving persons operating a vehicle while intoxicated by alcohol. Biddle concluded that, after considering the results of the field-sobriety tests, his contact with appellant, and appellant's attempts to take the Datamaster test, appellant "was a danger not only to himself but to his passengers and other people on the roadway" and could not control a vehicle.

Both Walker and Biddle testified regarding their respective training regarding field-sobriety tests and extensive experience in making traffic stops involving drivers who were driving while intoxicated. The State had to prove that appellant was intoxicated, which required proof that appellant presented a clear and substantial danger of physical injury or death to himself and other motorists or pedestrians. Both officers concluded that appellant was a danger to himself and others on the roadway. There was a reasonable basis from which it can be said the officers had knowledge beyond that of ordinary knowledge, and the officers' specialized training and knowledge aided the jury in determining this fact in issue, that is, whether appellant was a danger to himself and others. Accordingly, the circuit court did not abuse its discretion in giving the expert-witness instruction, as their testimony was admissible as expert testimony. *See Brown, supra* (holding that an officer's testimony regarding his training that dealt in depth with the HGN test was sufficient to establish him as an expert witness qualified to discuss the details and results of the test).

Affirmed.

VAUGHT and HEFFLEY, JJ., agree.