FRED'S DOLLAR STORE v. ADAMS

5-3338                                            382 S. W. 2d 592

Opinion delivered October 12, 1964.

*Barrett, Wheatley, Smith & Deacon,* for appellant.

*R. W. Laster* and *R. Dale Hopper,* for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellee, Christine Adams, to recover damages for personal injuries that resulted from a fall which took place as she was leaving the appellant's store in Osceola. The only question before us is whether the jury's award of $20,000 is excessive.

The accident occurred on October 27, 1962. At the time of the trial more than thirteen months later Miss Adams was still suffering pain from her principal injury, which was to her lower back. Four different physicians had examined or treated her, without success. In Feb-

ruary of 1963 she was confined to a hospital for thirteen days and was in traction except when she was receiving heat therapy. In May she was returned to the hospital for another twelve or thirteen days. Among other things a myelogram was performed. Her doctors thought that she was suffering from a ruptured disc in her back. They recommended surgery, but Miss Adams was not financially able to bear the expense of the operation.

On the date of her injury the plaintiff was twenty-six years old. She lived on a farm with her two brothers, keeping house and doing farm work. In season she also earned $5.00 a day as a cotton picker. Dr. Moffatt found that there was a 50 per cent limitation of motion in her back. There is evidence to show that she is no longer able to keep house or to work in the fields. Heat therapy is necessary three or four times a day. It is recommended that she wear a supporting girdle during the day and use a heating pad at night. Past and estimated future medical and hospital expenses amount to almost a thousand dollars. From the evidence the jury was justified in concluding that the plaintiff's condition is not likely to improve, at least without surgery.

The appellant argues that certain matters, such as future disability and loss of earning capacity, cannot be considered, because the court's instruction on the measure of damages did not specifically refer to them. This point is not well taken. The court told the jury that "you may take into consideration" several enumerated elements of damage. The instruction did not expressly or by implication forbid the jury from taking into account other matters that were established by the testimony. Upon this record we are not compelled to assume that the jury laid aside significant elements of damage that had been established without objection in the course of the trial.

In a case of this kind precedents are of scant value. No two cases are so nearly identical that essential points of difference cannot be found. The ultimate question is whether the verdict shocks the conscience of the court

or demonstrates that the jurors were motivated by passion or prejudice. *Alexander* v. *Botkins*, 231 Ark. 373, 329 S. W. 2d 530. There is no suggestion here that Miss Adams is a malingerer. When we consider the suffering that she endured for more than a year before the trial, the economic loss that has resulted from her injuries, and the extent to which these matters may be expected to persist in the future we are not warranted in finding that the award is too liberal.

Affirmed.