## John W. MOSES *v.* Landon B. KIRTLEY

74-37                                                          510 S.W. 2d 281

Opinion delivered June 10, 1974

*Laser, Sharp, Haley, Young & Boswell,* P.A., for appellant.

*Cambiano & Cree,* for appellee.

LYLE BROWN, Justice. As a result of a traffic mishap between cars driven by the parties to this litigation appellee was awarded judgment for $8000. The sole issue raised on appeal is the excessiveness of the verdict.

On October 7, 1972, appellee was driving his small bus from a rural community store to his home. Appellant, approaching from the rear, struck appellee's bus with considerable force. Appellant's car left the road, went through a fence, and knocked down a small cedar tree. Appellee's bus seat was mounted on a base and the impact knocked the seat backward some six inches. Appellee suffered pain in his neck and his wife took him to the emergency room of the hospital in Morrilton around 9:00 p.m. where he was seen by Dr. White. X-rays were taken and appellee was given some pain

pills and went home. That was Saturday night. He went to his regular work on Monday but had to lay off Tuesday and Wednesday because of stiffness in the neck. He testified he has continuously taken aspirin and anacin for pain. He also returned to Dr. White's office twice for injections for pain. Appellee introduced bills covering medical expenses amounting to $118.70 and a car repair estimate of $620.

Appellee's wife testified that since the accident appellee has constantly complained of pain in the neck. "He doesn't sleep well at night. He tosses and turns and gets up. I would say not one night out of the week he misses taking aspirin or something for pain."

Dr. White examined and x-rayed appellee's neck on the night of the accident. The doctor concluded that the patient "had suffered a twisting type injury, so-called whiplash injury. The cause of such is a sudden jerk to the neck." The doctor next saw appellee on October 11 and at that time appellant's neck was stiff. "The muscle spasm was less and I thought he had improved and I dismissed him at that time with some type of estimate with what it would take for this thing to heal, because I thought it would heal in six to twelve weeks." He was referring to the muscle spasm in the neck. The doctor next saw appellee on June 25, 1973. "I found at that particular time he did have a good range of motion in his neck, and he didn't have any muscle spasm, at least significant muscle spasm." Notwithstanding, appellee still complained of pain. Aspirin and heat were prescribed. The doctor did not see appellee professionally after June 25. With respect to the complained of recurrence of headaches, notwithstanding the doctor's negative finding on June 25, the doctor said intermittent pain sometimes recurs. "You think it will end and they crank back up again."

We have many times said that precedents in cases of this kind are of scant value. That is because no two cases are identical; essential points of difference are usually apparent. *Fred's Dollar Store* v. *Adams*, 238 Ark. 468, 382 S.W. 2d 592 (1964). Furthermore, the dollar no longer has its prior value. *Clark County Lumber Co.* v. *Collins*, 249 Ark. 465, 459 S.W. 2d 800 (1970). In determining whether a jury verdict is excessive the question is whether the verdict shocks the conscience of

the court or demonstrates that the jurors were motivated by passion or prejudice. *Collins, supra.* We give the evidence its highest probative force in favor of the verdict and decide whether there is any substantial evidence to sustain the verdict. *Breitenberg* v. *Parker,* 237 Ark. 261, 372 S.W. 2d 828 (1963).

Tested by the recited rules we conclude that the verdict is supported by substantial evidence. The factors supporting the verdict are (1) the severity of the impact; (2) the testimony of appellee and his wife that appellee continues to suffer pain; (3) the testimony of the doctor about the recurrence of pain even after it is thought that a patient has recovered from this type of injury; and (4) property damage and medical bills in the sum of $738.70.

Affirmed.