Ricky Gene FERRELL et al *v.*
Frank Jack WHITTINGTON

80-260                                    610 S.W. 2d 572
Supreme Court of Arkansas
Opinion delivered January 26, 1981

Pickens, Boyce, McLarty & Watson, by: *James A. McLarty*, for appellants.

*Barrett, Wheatley, Smith & Deacon*, for appellee.

GEORGE ROSE SMITH, Justice. In this action for personal injuries and property damage suffered by the appellants in a traffic collision, judgment for the defendant, Whittington, was entered pursuant to a jury verdict apportioning negligence in the ratio of 60% in Ferrell, one of the drivers, and 40% in Whittington, the other driver. A motion for a new trial, on the ground that the verdict was against the preponderance of the evidence, was denied. This appeal is solely from that denial and comes to this court as a tort action. Rule 29 (1) (o).

The case is argued as if the test on review were whether the trial court abused its discretion in denying the motion. True, that is the test when the trial judge *grants* such a motion, finding the verdict to be contrary to the preponderance of the evidence. *Smith* v. *Villarreal*, 253 Ark. 482, 486 S.W. 2d 671 (1972). But the trial judge is in a far better position than we to weigh the evidence, which he has heard; so if he *denies* the motion we determine only if the verdict is supported by substantial evidence. *Brady* v. *City of Springdale*, 246 Ark. 1103, 441 S.W. 2d 81 (1969). The grounds for a new trial were not

changed by the Rules of Civil Procedure. Rule 59 and its Reporter's Note 2.

The collision occurred at the intersection of U.S. Highway 64 and State Highway 5, in White county. Whittington was traveling south on Highway 5 and unquestionably stopped in obedience to a stop sign and a flashing red light. Such signals require a motorist to stop and indicate that the other street has the preferential right of way. Ark. Stat. Ann. §§ 75-506 (1) and 75-645 (Repl. 1979). There was also a flashing yellow light facing traffic on Highway 64, requiring Ferrell, who was approaching from Whittington's left, to proceed through the intersection with caution. § 75-506 (2).

Whittington and his passenger both testified that, after stopping, they looked to their left and saw nothing and looked to their right and saw a car some distance away. Whittington testified he had plenty of time to get across and entered the intersection. He did not see Ferrell's car until he heard the squealing of brakes. The front of Ferrell's car struck the side of the Whittington car with such force that Ferrell's car was "totaled." Whittington testified that he had no way of knowing Ferrell's speed, as he did not see the car, but he said he believed "if the speed had been within the range of the sign down the road, 40 miles per hour, that he could have stopped or gone back of me." After the collision, which momentarily lifted the Whittington car on two wheels, the front of that car was six feet past the center of the intersection.

Ferrell, as the plaintiff, had the burden of proof, but his own testimony, even if accepted, did not negative the possibility of negligence on his part. He said he did not see a speed limit sign as he approached the intersection. A police officer had testified that the yellow caution light was visible from a distance of 500 feet or more. Ferrell said he was traveling 50 to 55 miles an hour when he saw the caution light and began to reduce his speed, but he made no attempt to say how far from the light he was when he saw it. He could not say to what speed he had slowed when he saw the other car begin to cross the highway. He did say, three times, that at

that point he "got on" his brakes, but he could not avoid the collision. His car left only 66 feet of skid marks.

The appellant designated an abbreviated record, without the court's instructions, but we must assume that the jury was correctly instructed. Under AMI 905 Whittington, after stopping, was required to yield the right of way to vehicles which were approaching so closely "as to constitute an immediate hazard." If Whittington so yielded and had time to cross the highway (as he testified), the drivers of other vehicles were required to yield the right of way to him. AMI Civil 2d, 905 (1974); see also *Brown* v. *Parker*, 217 Ark. 700, 233 S.W. 2d 64 (1950); Casenote, 7 Ark. L. Rev. 413 (1953). Moreover, under AMI 907 the jury were presumably told that a driver cannot obtain the right of way by negligent conduct.

We do not review a jury's apportionment of comparative negligence if fair-minded men might differ about it (which is essentially the same test as that of substantial evidence). *McDonald* v. *Hickman*, 252 Ark. 300, 478 S.W. 2d 753 (1972). Here the jury could reasonably have found that Ferrell was negligent in not seeing the 40-mile sign, that he did not reduce his speed sufficiently when he should have seen the caution light, that he did not apply his brakes at all until it was far too late, and that the "totaling" of his car indicated that he was still traveling at high speed when the collision occurred. On the other hand, Whittington could be found to have entered the intersection with some care after he had first stopped. There is ample substantial evidence to support the jury's conclusion that Ferrell's negligence was greater than Whittington's.

Affirmed.