Lawrence J. PILKINGTON *v.* Claude RILEY, d/b/a RILEY PAVING COMPANY

80-143                                    610 S.W. 2d 570
Supreme Court of Arkansas
Opinion delivered January 26, 1981

*Patten, Brown & Leslie*, by: *Charles A. Brown*, for appellant.

*Anderson & Kilpatrick*, by: *Overton S. Anderson*, for appellee.

GEORGE ROSE SMITH, Justice. Pilkington brought this action to recover for personal injuries and property damage sustained when his pickup truck ran into a heavy roller being used by the defendant Riley, a road contractor, in resurfacing part of Highway 81 north of Monticello. The jury, in response to interrogatories, apportioned the total negligence as 100% in Pilkington and none in Riley, none in Riley's employee, Ethel Winston, and none in Curtis Vincent, a third-party defendant brought in by Riley. The appeal comes within our jurisdiction as a tort action. Rule 29 (1) (o). We find no merit in any of the five points argued for reversal.

On the afternoon of the accident Riley and his crew were rolling hot asphalt on the east half of the highway, that half being closed to traffic. Riley had stationed flagwomen to the

north and to the south, who were to control the one-way traffic and to communicate with each other by means of walkie-talkies. According to some of the testimony, which was disputed, there were signs to the south warning motorists of "Flagman Ahead" and "Fresh Oil." A heavy rain had been falling before the accident. As the raindrops hit the hot asphalt they vaporized, creating a heavy fog that completely obstructed the vision of approaching motorists. Inside the fog Riley's crew had temporarily stopped work, but the roller was left standing in the northbound traffic lane.

The plaintiff Pilkington, going north, was pulling a camper that impaired his ability to stop quickly. He testified he did not see any warning signs. He did see the fog from about a half mile away. He was driving about 40 miles an hour and following Vincent's Volkswagen at a distance of 75 or 80 yards. He saw the Volkswagen disappear in the fog and could not say that he applied his own brakes before also entering the fog. Vincent had collided with the roller, and Pilkington did too. Pilkington had not seen the Volkswagen run a flag person off the road.

Ethel Winston, the flagwoman on the south, testified that she was standing in the center of the road, flagging traffic, when the Volkswagen came up "driving like wild." She tried to flag it down, but had to get out of the way and fell backwards into the ditch by the highway. Her testimony indicates that she did not get back up on the highway in time to flag down Pilkington.

First, in a pretrial proceeding the trial judge sustained Riley's motion that the investigating state trooper not be permitted to testify that ten or twelve minutes after the accident he asked the flagwoman on the north side where the other flag person was, and the flagwoman said she didn't have radio contact: "I do not know where she's at." The trial judge, in overruling Pilkington's motion for a new trial, thought that the trooper's testimony should have been admitted, because the flagwoman's statement was a present sense impression within Uniform Evidence Rule 803(1). Ark. Stat. Ann. § 28-1001 (Repl. 1979). The judge decided, however, that the error was harmless, because Riley did not

contend that the flagwoman on the south was flagging traffic when Pilkington reached her station. We agree with the trial judge, not only because the possible error was harmless but also because what happened ten minutes after the accidents, when traffic in both directions might have been at a standstill, raised collateral issues not shown to have a direct bearing upon the case.

Second, the court gave AMI 603, telling the jury that the fact that accidents occurred is not of itself evidence of negligence on the part of anyone. Pilkington's objection was that "the evidence is very clear that an unavoidable accident is not what could've occurred here." AMI 603, however, is not an unavoidable accident instruction. AMI 604 was such an instruction, but it was withdrawn with the publication of AMI Civil 2d in 1974. AMI 603 is a correct statement, that the occurrence of an accident is not of itself evidence of negligence on the part of anyone. Since the jury found negligence on the part of Pilkington, no prejudice could have resulted.

The remaining three arguments center upon the trial court's denial of Pilkington's motion for a new trial. In a memorandum opinion overruling the motion the trial judge found that the verdict was not influenced by emotion or prejudice, that the finding that Pilkington was negligent was supported by the evidence, but that the finding that Riley was not negligent was not supported by the evidence, because Riley was negligent in leaving the roller on the highway when work was stopped. The judge concluded, however, that the jury's error was one of degree and did not alone justify the granting of a new trial. Since he could not find as a matter of law that any verdict assigning 50% or more of the fault to Pilkington would be against the preponderance of the evidence, the motion for a new trial was denied.

We find no flaw in the trial judge's reasoning. It was his duty to set aside the verdict if, but only if, he found it to be against the clear preponderance of the evidence. *Thudium* v. *Dickson*, 218 Ark. 1, 235 S.W. 2d 53 (1950). In passing upon the motion for a new trial the judge necessarily had to weigh the testimony to determine its preponderance. He did not,

however, attempt to fix the percentages of comparative negligence. He merely concluded that any verdict assigning 50% or more of the negligence to Pilkington would not have been against the preponderance of the evidence. In the circumstances, there being no counter-judgment for Riley against Pilkington to be taken into account, the trial judge was right in denying the motion for a new trial.

It is also argued that the trial judge should have addressed the issue of whether Pilkington's negligence might have been less than the combined negligence of Riley, Winston, and Vincent. See *Walton* v. *Tull*, 234 Ark. 882, 356 S.W. 2d 20, 8 A.L.R. 3d 708 (1962). We think the judge did reach that issue by his willingness to sustain any verdict assigning at least 50% of the fault to Pilkington. Moreover, Pilkington's trial brief in support of his motion for a new trial did not raise this issue, nor did the motion itself. It cannot be raised here for the first time. Finally, the appellant concedes that we need not consider his remaining point if we uphold the denial of a new trial.

Affirmed.