David and Gayle SANFORD *v.* Theresa ZIEGLER

92-997                                              851 S.W.2d 418

Supreme Court of Arkansas
Opinion delivered April 19, 1993

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles*, for appellants.

*Baxter, Wallace, Jensen & McCallister*, by: *Bobby D. McCallister*, for appellee.

ROBERT H. DUDLEY, Justice. This is a tort suit involving a collision between a car and a horse. David Sanford and Gayle Sanford, the defendants below, own a pasture. On October 5, 1989, David Sanford was keeping three of his horses in the pasture, which was some distance from the Sanfords' home. The grass in the pasture was short in October, and each day the Sanfords drove their pickup truck from their home to the pasture to supplement the horses' feed with both hay and grain. The pasture is enclosed by a relatively new fence that has fenceposts made of steel. The gate is a metal panel gate that has a cross support. A chain with two snaps is attached to the gate so that it can be secured when it is closed. The horses had never escaped from the pasture. David Sanford testified that between five and six o'clock on the evening of October 4, the evening before the accident, he, his wife Gayle, and his daughter drove to the pasture to feed the horses. He testified that after they fed the horses, his daughter latched the gate, and he checked it to be sure that it was securely latched. It was securely latched, and they drove home.

Shortly after 6:30 the next morning, the gate had been opened somehow, and the horses were out of the pasture and on the adjacent roadway. The plaintiff was driving her car along the road and collided with one of the horses. As a direct result of the collision, the plaintiff suffered personal injury, as well as property damage to her car.

The plaintiff filed suit against both defendants and pleaded that they had been negligent in "permitting a horse to run at large" and in "creating a public nuisance." At trial, only two witnesses testified, plaintiff Ziegler and defendant David Sanford. Their testimony is set out above. Although the record does not include the instructions given by the trial court, it seems clear enough from the comments of the attorneys, as well as the comments of the trial court, that the jury was instructed on ordinary negligence. The jury returned a verdict for the plaintiff. The defendant appeals. We reverse and dismiss.

The plaintiff had the burden of proving that she sustained damages, that the defendants were negligent, and that such negligence was the cause of her damages. *Fuller v. Johnson*, 301 Ark. 14, 781 S.W.2d 463 (1989). There is no question that plaintiff sustained damages. The issue is whether there was

substantial evidence of the defendants' negligence. Negligence is the failure to do something which a reasonably careful person would do. A negligent act arises from a situation where an ordinarily prudent person in the same situation would foresee such an appreciable risk of harm to others that he would not act or at least would act in a more careful manner. *White River Rural Water Dist.* v. *Moon*, 310 Ark. 624, 839 S.W.2d 211 (1992). The standard of review on appeal of a jury's verdict is whether the verdict is supported by substantial evidence, giving the verdict the benefit of all reasonable inferences permissible under the proof. *Ferrell* v. *Whittington*, 271 Ark. 750, 610 S.W.2d 572 (1981).

In this case, giving the verdict the benefit of all reasonable inferences permissible under the proof, we cannot say there was any evidence whatsoever of negligence by either David or Gayle Sanford.

Appellee, the plaintiff below, argues that the jury was free to find that David Sanford "did not sound truthful." It was, of course, within the jury's province to believe or disbelieve the testimony of any witness. *Fuller* v. *Johnson*, 301 Ark. 14, 781 S.W.2d 463 (1990). However, even if the jury chose to disbelieve Sanford's testimony, such would not constitute substantial evidence of negligence, and, as stated, the plaintiff had the burden of proof on this issue.

Reversed and dismissed.

HAYS, CORBIN, & BROWN JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. The majority reverses a jury verdict which was predicated on circumstantial evidence and, in effect, holds that the trial court abused its discretion in denying a motion for directed verdict. I disagree and would hold that the circumstantial proof supports the jury's decision in favor of the appellee, Theresa Ziegler.

Ziegler was injured and her car was damaged by a horse that escaped from the appellant's field through an open gate. The appellant, David Sanford, admitted the gate was open. There is no question that the horse and field were under Sanford's exclusive control.

The precise issue before us today — inferred negligence —

was argued to the trial court in response to the appellant's motion for a directed verdict:

> APPELLEE/PLAINTIFF'S COUNSEL: . . . He has stated that the gate was within the control of he and his family, that they are the only ones that go in and out of the gate, that they are the only ones that, to their knowledge, were on the property that night, the only ones that, and they have never before had a problem with anybody else touching the gate or opening the gate or leaving it open. I think the jury can *infer* from the fact that the gate was within their *exclusive control*, they were the last ones to use it, that they could have made a mistake even though Mr. Sanford has testified on the record that he doesn't make mistakes.

> THE COURT: Anything further?

> APPELLANT/DEFENDANT'S COUNSEL: Your Honor, I think it requires the jurors to make a considerable *assumption* or *presumption* to tie the open gate to the conduct of the Sanfords. There's just a total absence of any evidence that the Sanfords are the ones that left the gate open and without that critical evidence or something indicating that they failed to exercise ordinary care, like failing to check it when they did leave the night before, there's simply not any evidence of negligence on their part. (Emphasis added.)

The court then denied the appellant's motion and sent the case to the jury. Because the appellant designated his record and did not include jury instructions, we have no way of knowing whether the jury was instructed on inferred negligence or not.

Surely an open gate to a field where the horse was kept under the exclusive control of appellant Sanford is sufficient circumstantial evidence of negligence. Indeed, Sanford admitted that the horse got out through the open gate. The jury was perfectly free to infer negligence from these facts.

This court has been reluctant in the past to decide a plaintiff's circumstantial case against the plaintiff as a matter of law, whether it be by directed verdict, summary judgment, or reversal of a jury verdict. *See, e.g., Muskogee Bridge Co.* v.

*Stansell*, 311 Ark. 113, 842 S.W.2d 15 (1992) (material facts established by circumstantial evidence; directed verdict denied); *Interstate Freeway Serv., Inc.* v. *Houser*, 310 Ark. 302, 835 S.W.2d 872 (1992) (fraud inferred from circumstances supported a jury verdict). As illustrative of this point, most recently this court denied a defendant's motion for summary judgment and inferred negligence from a glob of soap on the floor of a restroom in a slip-and-fall case. *Shrum* v. *Southern Farm Casualty Insur. Co.*, 312 Ark. 151, 848 S.W.2d 395 (1993).

Indeed, it is blackletter law that reasonable inference of negligence gleaned from the circumstances may qualify as substantial evidence to sustain a jury verdict. *White River Rural Water Dt.* v. *Moon*, 310 Ark. 624, 839 S.W.2d 211 (1992); *Ferrell* v. *Whittington*, 271 Ark. 750, 610 S.W.2d 572 (1981). The reasonable inferences in the present case are that Sanford negligently left the gate to his field open and his horse escaped causing injury to Theresa Ziegler.

The trial court's refusal to direct a verdict, undoubtedly, was based on what could be reasonably inferred in this case. The majority now holds that the court abused its discretion. To hold that an abuse of discretion transpired in this instance is inconsistent with past decisions and is something of an anomaly in our history of inferred-negligence cases. I respectfully dissent.

HAYS and CORBIN JJ., join.