Jerry K. ALLRED and Karen K. Allred, Husband and Wife
*v.* Shannon DEMUTH

93-1011                                890 S.W.2d 578

Supreme Court of Arkansas
Opinion delivered December 19, 1994
[Rehearing denied January 23, 1995.*]

---

*Roaf, J., not participating.

64

*Raymond C. Smith, P.A.*, for appellants.

*Charles E. Hanks*, for appellee.

ROBERT H. DUDLEY, Justice. Shannon Demuth filed suit against Jerry and Karen Allred for fraudulently concealing structural defects in a home she purchased from them. The jury returned a plaintiff's verdict in the amounts of $50,000 compensatory damages and $24,000 punitive damages. The defendants appeal. We affirm.

The defendants first argue that the evidence is insufficient to support the verdict. Our standard of review in determining sufficiency of the evidence is well settled: (1) The evidence is viewed in a light most favorable to appellee; (2) the jury's finding will be upheld if there is any substantial evidence to support it; and (3) substantial evidence is that of sufficient force and character to induce the mind of the factfinder past speculation and conjecture. *Derrick* v. *Mexico Chiquito, Inc.*, 307 Ark. 217, 819 S.W.2d 4 (1991).

In order to prove the tort of fraud, the plaintiff was required to prove (1) a false representation of a material fact; (2) knowledge or belief on the part of the defendants that the representation was false; (3) an intent to induce the plaintiff to act or to refrain from acting in reliance on the misrepresentation; (4) justifiable reliance upon representation on the part of the plaintiffs in taking action or refraining from it; and (5) resulting

damages. *M.F.A.* v. *Keller*, 274 Ark. 281, 623 S.W.2d 841 (1981). An inference of fraud may be drawn by circumstantial evidence just as with any other fact. *Moore Ford Co.* v. *Smith*, 270 Ark. 340, 604 S.W.2d 943 (1980). While fraud may be established by circumstantial evidence, the circumstances must be so strong and well connected as to clearly show fraud. *Interstate Freeway Serv., Inc.* v. *Houser*, 310 Ark. 302, 835 S.W.2d 872 (1992).

■ Plaintiff offered evidence to show that defendants bought the home before construction was complete; that they were the first occupants of the home; that they were in exclusive possession and control of the home until they sold it to plaintiff in 1986; that defendants did not disclose to plaintiff that the house had any problems; that plaintiff inspected the house and could not see any defects; that in 1988 both new and old cracks were discovered in the interior and exterior of the home, in the foundation, and in the driveway; that the movement of the foundation had been so great that one could have heard the house moving; that the structural defects would have begun showing up within one year of construction; that the cracks had been covered and patched with caulk and painted over in a color that hid them; that the caulking and painting was not a part of the construction; that the caulking and painting could serve only a cosmetic purpose by hiding the cracks; and that it would cost $50,000 to repair the home. From this proof and its reasonable inferences, the jury could have concluded that the cracks occurred when defendants lived in the house; that the cracks were caulked, sealed, and painted in order to conceal them; that defendants concealed the cracks in order to induce someone to purchase the home; and that plaintiff purchased the home and consequently suffered damages. In sum, the proof was sufficient to establish the tort of fraud.

■ Defendant Jerry Allred denied knowing of the problems or concealing them, but it was within the jury's province to believe or disbelieve his testimony, and to determine the weight, if any, to accord it. *Druckenmiller* v. *Cluff*, 316 Ark. 517, 873 S.W.2d 526 (1994).

■ Defendants next contend that the trial court erred in giving an instruction on punitive damages because the plaintiff did not specifically request such damages in her testimony. The contention is without merit. An instruction on punitive damages may be given when the evidence shows that a party likely "knew

or ought to have known, in the light of the surrounding circumstances, that his conduct would naturally or probably result in injury and that he continued such conduct in reckless disregard of the consequences from which malice could be inferred." *Dongary Holstein Leasing, Inc.* v. *Covington*, 293 Ark. 112, 116, 732 S.W.2d 465, 467 (1987). A plaintiff is entitled to the instruction when the pleadings ask for punitive damages and evidence is introduced showing deliberate misrepresentation or deceit. *City Nat'l Bank* v. *Goodwin*, 301 Ark. 182, 783 S.W.2d 335 (1990).

The defendants' next point of appeal involves the amount of the verdicts. The jury returned separate verdicts finding Jerry Allred liable for $25,000 compensatory damages and $12,000 punitive damages, and finding Karen Allred liable for $25,000 compensatory damages and $12,000 punitive damages. The trial court entered a judgment against both defendants, jointly and severally, for $50,000 compensatory damages and $24,000 punitive damages. In this point of appeal, the defendants argue that the trial court should have entered only one judgment for $25,000 and $12,000.

There was testimony that the damages amounted to $50,000. The jury was instructed to decide each defendant's liability as if it were a separate lawsuit. There were separate verdicts finding each defendant equally liable. In determining that the total damages were $50,000 the trial court correctly followed our case of *C & L Trucking, Inc.* v. *Allen*, 285 Ark. 243, 686 S.W.2d 399 (1985). Additionally, a joint tortfeasor is one of "two or more persons jointly or severally *liable in tort for the same injury* to person or property. . . ." Ark. Code Ann. § 16-61-201 (1987) (emphasis added); *see also W. M. Bashlin Co.* v. *Smith*, 277 Ark. 406, 643 S.W.2d 536 (1982). It is undisputed that defendants were being sued jointly and severally for the same fraud and damage. A jury may apportion liability among joint tortfeasors, but this is only for the purpose of contribution and indemnity among the tortfeasors and does not affect the rights of a plaintiff to recover the whole amount from each. Ark. Code Ann. § 16-61-202(4) (1987). The apportioned awards are still to be aggregated. *Allen*, 285 Ark. at 248, 686 S.W.2d at 402. Finally, the general rule is that joint tortfeasors may be jointly and severally liable for punitive damages. *Missouri Pac. R.R. Co.* v. *Arkansas Sheriff's Boys' Ranch*, 280 Ark. 53, 655 S.W.2d 389 (1983).

The defendants' final point of appeal involves a ruling made during closing argument. Karen Allred did not testify at trial. In closing plaintiff's counsel argued, "You would think [Karen's] testimony was vital to [defendants'] case, wouldn't you? You think she might have been afraid of committing perjury?" Defendants' counsel objected, and the trial court overruled the objection. Defendants assign the ruling as error.

The failure of a party to testify in a civil case about facts peculiarly within his or her knowledge is a circumstance which may be looked upon with suspicion by a trier of fact. *May* v. *Barg & Co.*, 276 Ark. 199, 633 S.W.2d 376 (1982). The failure to testify gives rise to the presumption that the testimony would have been against the party's interest. *Starns* v. *Andre*, 243 Ark. 712, 421 S.W.2d 616 (1967). Counsel may argue every plausible inference which could be drawn from the testimony. *Abraham* v. *State*, 274 Ark. 506, 625 S.W.2d 518 (1981). A trial court has wide discretion in controlling, supervising, and determining the propriety of counsels' arguments, and an appellate court will not reverse absent a showing of manifest abuse. *Brown* v. *State*, 316 Ark. 724, 875 S.W.2d 828 (1994); *Wal-mart Stores, Inc.* v. *Yarbrough*, 284 Ark. 345, 681 S.W.2d 359 (1984).

Affirmed.