CITY OF LITTLE ROCK *v.* Kevin Scott CAMERON

94-1334                                                    897 S.W.2d 562

Supreme Court of Arkansas
Opinion delivered May 8, 1995

*Office of the City Attorney*, by: *Thomas M. Carpenter* and *Anthony W. Black*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Sarah Presson* and *Julia Busfield*, for appellee.

ROBERT L. BROWN, Justice. This case involves an appeal from a grant of a directed verdict in favor of the appellee, Kevin Scott Cameron. The City of Little Rock, as appellant, contends that the trial court erred in its ruling. We do not agree and affirm.

At approximately midnight on March 5, 1992, Cameron left the Bobbisox Lounge at the Holiday Inn by the Little Rock Airport. He had been drinking alcoholic beverages. He went to a Waffle House across the street and left there at about 2:00 a.m. He drove into downtown Little Rock. It was raining. At the intersection of West Markham and McKinley, his car struck a traffic

signal pole and destroyed it. The City sued Cameron for negligence and for damages in the amount of $4,562.70 for the destruction of the pole.

At the resulting jury trial, the City called Officer Linda Barron as a witness. Officer Barron testified that she was the investigating officer and that two vehicles were involved in the accident: Cameron's 1987 Ford Taurus and a 1989 G.M.C. pickup driven by Othlea Patterson. Officer Barron testified that she smelled alcohol on Cameron's breath. She stated that Cameron told her that the pickup truck had entered his lane and that he had swerved to miss it and struck the pole. She noted that Cameron's vehicle had hit the pickup but stated that Cameron was unaware of this at the time. No citations were issued to the driver of either vehicle, and the police officer's accident report noted no contributing causes for the wreck.

Officer Roy Howard of the Little Rock Police Department testified that he administered a portable breathalyzer test to Cameron at the scene and that Cameron tested for a blood/alcohol level of .05 percent. He stated that he did not believe that Cameron was "impaired to an extreme point," though he did state he believed that drinking alcoholic beverages does impair one's ability to drive.

The City rested its case after providing proof of its damages. Cameron moved for a directed verdict, and it was granted.

■■ The City urges on appeal that the trial court erred in granting Cameron's motion for directed verdict. In determining the correctness of the trial court's ruling, we view the evidence in the light most favorable to the party against whom the verdict is sought and give it the highest probative value, taking into account all reasonable inferences deducible from it. *Bice* v. *Hartford Acc. & Indem. Co.*, 300 Ark. 122, 777 S.W.2d 213 (1989). A motion for directed verdict should be granted only if the evidence so viewed would be so insubstantial as to require a jury verdict for the party to be set aside. *Id.; Campbell Soup Co.* v. *Gates*, 319 Ark. 54, 889 S.W.2d 756 (1994). Evidence is insubstantial when it is not of sufficient force or character to compel a conclusion one way or the other or if it does not force a conclusion to pass beyond suspicion or conjecture. *See Allred* v.

*Demuth*, 319 Ark. 62, 890 S.W.2d 578 (1994); *Moore* v. *State*, 315 Ark. 131, 864 S.W.2d 863 (1993).

■ In the case before us, the trial court found that there was insufficient evidence to support a claim of negligence. To establish a prima facie case in tort, a plaintiff must show that damages were sustained, that the defendant was negligent, and that such negligence was a proximate cause of the damages. *Arkansas Kraft* v. *Cottrell*, 313 Ark. 465, 855 S.W.2d 333 (1993). We reiterated our definition of negligence in *Cottrell*:

> Negligence is the failure to do something which a reasonably careful person would do. A negligent act arises from a situation where an ordinarily prudent person in the same situation would foresee such an appreciable risk of harm to others that he would not act or at least would act in a more careful manner. *White River Rural Water Dist.* v. *Moon*, 310 Ark. 624, 839 S.W.2d 211 (1992).

313 Ark. at 470, 855 S.W.2d at 337. While a party can establish negligence by direct or circumstantial evidence, he cannot rely upon inferences based on conjecture or speculation. *Id.*

■■ The mere fact that Cameron had been drinking alcoholic beverages is not sufficient evidence of negligence, standing alone, for this claim, to withstand a directed verdict. Cameron was not legally intoxicated based on his percentage of blood/alcohol content. *See* Ark. Code Ann. § 5-65-103(b) (Repl. 1994). But even had he been intoxicated, a distinguished treatise on torts concludes that the fact of intoxication is not negligence *in itself*, but it must be shown to have caused the actor's behavior to have deviated from that of a reasonable person and to have caused the plaintiff's injuries. *See Prosser and Keaton on Torts* § 32, pp. 178-179 (5th Ed. 1984); *see also Restatement (Second) of Torts* § 283C, Comment D. In this vein, we have stated that voluntary intoxication may be a factor to be considered by the trier of fact in determining negligence. *Jernigan* v. *Cash*, 298 Ark. 347, 767 S.W.2d 517 (1989).

■ We can readily agree with Officer Howard that drinking alcoholic beverages may impair one's ability to drive. Here, though, there was no evidence that Cameron was intoxicated or otherwise impaired at the time of the accident or that his liquor

consumption either evidenced a lack of reasonable care on Cameron's part or caused the wreck in any way. In sum, we agree that the City's proof does not give rise to an inference of negligence but only to conjecture and speculation. *See Sanford* v. *Ziegler*, 312 Ark. 514, 851 S.W.2d 418 (1993). The trial court did not err in granting the directed verdict.

Affirmed.

GLAZE and CORBIN, JJ., dissent.

DONALD L. CORBIN, Justice, dissenting. I dissent.

The case should have been submitted to the jury for decision. The facts of the appellee's drinking mixed with a collision with another vehicle he did not know he hit and his collision with a traffic light pole should have been submitted to the jury to resolve whether he was negligent in the operation of his vehicle. One does not have to be intoxicated under a legal definition of 0.10% before having his mental and reaction time slowed down by the drink. *See Stephens* v. *State*, 320 Ark. 426, 898 S.W.2d 435 (1995). When all of this is coupled with rain slicked streets, it would be a proper issue for a jury to draw upon their individual experiences to determine if, under all of these conditions, negligence existed. I would reverse and remand for trial.

GLAZE, J., joins in this dissent.