Helen VANT *v.* Paymela Jean LONG

CA 99-1383

20 S.W.3d 437

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered June 28, 2000

*Lane, Muse, Arman & Pullen,* by: *James S. Street,* for appellant.

*Boswell, Tucker & Brewster,* by: *W. Lee Tucker,* for appellee.

JOHN E. JENNINGS, Judge. In the summer of 1996, Helen Vant was a passenger in a van driven by her daughter, Paymela Long, in Dallas, Texas. In heavy traffic, Ms. Long collided with the rear of the car in front of her and Mrs. Vant was injured.

Mrs. Vant brought this action against her daughter, alleging negligence. After depositions were taken Ms. Long moved for summary judgment and the trial court granted the motion. The only issue on appeal is whether the trial court erred in granting summary judgment. We hold that it did and reverse and remand.

The special circuit judge who heard the case concluded that the decision was governed by the supreme court's holding in *Sublett v. Hipps,* 330 Ark. 58, 952 S.W.2d 140 (1997). In that case Tammy Sublett was traveling south on Interstate 430 in Little Rock when she struck a pickup truck driven by Sharon Hipps from the rear. Sublett sued on a theory of negligence alleging that Hipps abruptly moved in front of her and decelerated rapidly. When her deposition was taken Sublett conceded: (1) that appellee Hipps did not cut her off, although traffic ahead was already stopped; (2) that there was approximately fifty feet between their vehicles when Hipps entered her lane; (3) that she had already applied her brakes when Hipps signaled to enter her lane; (4) that she briefly took her foot off the brake pedal to contemplate a maneuver into the next lane but did not attempt to do so; (5) that she subsequently applied more pressure to the brakes and began sliding on the wet pavement; (6) that there was adequate space for Hipps's vehicle to pull into her lane; and (7) that she was not aware of anything Hipps did wrong.

On these facts the supreme court held that the trial court correctly granted summary judgment.

In the case at bar the trial court had before it Mrs. Vant's deposition in which the following questions and answers were shown:

Q: Tell me what you recall about that accident, Mrs. Vant.

A: It just happened so quick. We were just driving along and we had seen a lot of accidents. The traffic was ...

Q: Bumper to bumper?

A: Yes, so we were really trying to be careful.

. . .

Q: Do you know of anything your daughter did to cause the accident down in Dallas?

A: No. All I know is, traffic was bumper to bumper.

The court also had before it, however, the deposition of Mrs. Long in which she said:

> I was in the far lane, left lane of traffic, traffic was heavy and the guy in front of me kept hitting his brakes, hitting his brakes and I told my mom, I need to get around this guy, and I looked over in my mirror to see what the other lane was like and when I looked back he was stopped, completely stopped, so I steered to the outside safety lane, I couldn't get clear — wide enough for the van and I hit just the left hand side of his vehicle.

We do not understand *Sublett* to stand for the proposition that any time there is a statement by the plaintiff that she does not know how the defendant caused the accident, summary judgment must follow. The decision in *Sublett* was based on the series of statements made by the plaintiff in her deposition. The court's final sentence notes that the plaintiff, Sublett, failed to meet proof with proof. In contrast, the trial court had before it a virtual admission of negligence by the defendant, Ms. Long. And although both *Sublett* and the case at bar involved rear-end collisions it was the plaintiff in *Sublett* who struck the forward vehicle — here, it is the defendant, Ms. Long, who struck another car from behind.

■ ■ Summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and when the moving party is entitled to summary judgment as matter of law. *Milam v. Bank of Cabot*, 327 Ark. 256, 937 S.W.2d 653 (1997). All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Lovell v. St. Paul Fire & Marine Ins. Co.*, 310 Ark. 791, 839 S.W.2d 222 (1992).

In the case at bar we cannot say there is no genuine issue of fact as to the question of Ms. Long's negligence. Accordingly, the trial court's order granting summary judgment must be reversed.

Reversed and remanded.

PITTMAN, HART, and NEAL, JJ., agree.

STROUD and GRIFFEN, JJ., dissent.

WENDELL L. GRIFFEN, Judge, dissenting. I dissent from the majority decision out of obedience to our supreme court's decision in *Sublett v. Hipps*, 330 Ark. 58, 952 S.W.2d 140 (1997). There, the supreme court affirmed an order granting summary judgment in favor of defendants in a personal injury action involving a rear-end collision. The summary judgment motion in that case was based, as is the case in the present appeal, on the plaintiff Sublett's deposition testimony in which she admitted, among other things, that she was not aware of anything that Hipps did wrong in connection with the accident. Hipps contended in her summary-judgment motion that Sublett's version of the events as set forth in her deposition testimony presented no genuine issue of material fact and directly refuted allegations in her complaint. Hipps also contended that Sublett's admission that she was not aware of anything that Hipps did wrong established that Sublett was the sole proximate cause of her accident and damages. Justice Robert Brown, writing for the supreme court, addressed the effect of those admissions as follows:

> Sublett admits that Hipps did not cut her off when she changed lanes and further that Hipps did nothing wrong. These drastic admissions, which contradict her complaint, not only fail to create a genuine issue of material fact under Ark. R. Civ. P. 56(c), but they appear to concede lack of fault on Hipp's [sic]part. We have affirmed grants of summary judgment in the past when the plaintiff/appellant makes a pivotal admission that goes to the heart of the case. *See, e.g., Bushong v. Garman Co.*, 311 Ark. 228, 843 S.W.2d 807 (1992); *King v. Jackson*, 302 Ark. 540, 790 S.W.2d 904 (1990). This is such a case.

In the present case, the summary judgment motion was based on a question and answer during appellant's deposition. Appellant was asked, "Do you know of anything your daughter did to cause the accident down in Dallas?" She responded, "No. All I know,

traffic was bumper to bumper." This answer directly contradicts appellant's allegations of negligence against appellee.

It is settled law in Arkansas that the fact that an accident occurs is not evidence of negligence on the fault of anyone. *See* AMI Civil 4th 603; *see also Mahan v. Hall*, 320 Ark. 473, 897 S.W.2d 571 (1995); *Pilkington v. Riley*, 271 Ark. 746, 610 S.W.2d 570 (1981). There appears to be no rear-end collision exception to this settled principle of law.

If the complaining party denies that the defending party to a negligence action did anything wrong, it appears that the rationale of *Sublett v. Hipps* and similar decisions by our supreme court compel the result reached by the trial court in this instance. Therefore, I am obliged to respectfully dissent from the decision to reverse the trial court and remand this case for further proceedings.

I am authorized to state that Judge STROUD joins in this opinion.