Phillip T. Whiteaker, Judge, concurring. I agree with the majority opinion that appellant Nathan Sizemore’s conviction must be affirmed because the supreme court’s decision in Utley v. State, 366 Ark. 514, 237 S.W.3d 27 (2006), is controlling. I write separately, however, to reiterate the same concerns that Chief Justice Hannah expressed in his dissenting opinion in Utley. In order to secure a conviction for negligent homicide, the State must prove beyond a reasonable doubt that the defendant negligently caused the death of another person. Ark.Code Ann. § 5-10-105(b)(1) (Supp. 2011). A person acts negligently with respect to attendant circumstances or a result of his or her conduct when the person should be aware of a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur. Ark.Code Ann. § 5-2-202(4)(A) (Repl. 2006).' The risk must be of such a nature and degree that the actor’s failure to perceive the risk involves a gross deviation from the standard of care that a reasonable person would observe in the actor’s situation, considering the nature and purpose of the actor’s conduct and the circumstances known to the actor. Ark.Code Ann. § 5-2-202(4)(B). This definition of criminal negligence is different from the definition of negligence in a civil case, which is merely the failure to do something that a reasonably careful person would do. Wal-Mart Stores, Inc. v. Londagin, 344 Ark. 26, 37 S.W.3d 620 (2001); City of Little Rock v. Cameron, 320 Ark. 444, 897 S.W.2d 562 (1995). The degree of negligence sufficient to establish civil liability is not sufficient to establish criminal liability. Hunter v. State, 341 Ark. 665, 19 S.W.3d 607 (2000); Phillips v. State, 6 Ark. App. 380, 644 S.W.2d 288 (1982). Our jury instructions on negligent homicide reflect this distinction. See AMI Crim. 2d 1005 (“The term ‘negligently’ as used in this criminal case means more than it does in civil cases.”). In Phillips v. State, 204 Ark. 205, 161 S.W.2d 747 (1942), our supreme court stressed the heightened standards for finding criminal negligence: The courts and the authorities agree, in the absence of statutory regulations, that a higher degree of negligence is required to establish criminal negligence than to establish liability in a civil action. The negligence required in a criminal proceeding must be more than a lack of ordinary care and precaution. It must be something more than mere inadvertence or misadventure. It is a recklessness or indifference incompatible with a proper regard for human life. It must be shown that a homicide was not improbable under all of the facts existing at the time, and that the knowledge of such facts should have had an influence on the conduct of the offender. Phillips, 204 Ark. at 212, 161 S.W.2d at 750. In his dissenting opinion in Utley, supra. Chief Justice Hannah wrote that there had been a “change in analysis” in ascertaining whether a conviction for negligent homicide is supported by substantial evidence. He noted that, rather than focusing on the culpable mental state of the driver, the “focus now is upon the severity of the injury that results.” Utley, 366 Ark. at 519, 237 S.W.3d at 37 (Hannah, C.J., dissenting). Rather than examining the | ¡¡necessary question of whether, under the circumstances, the person should have been aware of the risk and whether his or her failure to perceive it was a gross deviation from the care a reasonable and prudent person would exercise under the circumstances, the courts now look to see only whether the defendant’s car crossed the center line and whether someone died. If that happened, then the defendant is criminally liable for homicide. His intent or state of mind has become irrelevant, despite the fact that the defendant’s mens rea is an element of the offense that the State must prove beyond a reasonable doubt. See, e.g., Norton v. State, 271 Ark. 451, 453-54, 609 S.W.2d 1, 3 (1980) (where intent is an element of the offense, the State must prove each element beyond a reasonable doubt). By judicial fiat, the courts have turned any fatality caused by a head-on car crash into a strict-liability offense. I agree with Chief Justice Hannah that the Utley majority changed the lens through which car-crash negligent-homicide cases are viewed. Nonetheless, Utley controls in this case, and I must therefore reluctantly agree to affirm.